IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-10181-smr |
| RIGHTWORKS STAFFING, INC. § | |
| § | CHAPTER 11 |
| § | SUBCHAPTER V |
| DEBTOR § | |

**MOTION TO AUTHORIZE DEBTOR TO PAY CERTAIN
PRE-PETITION DEBT OWED TO CRITICAL VENDORS FOR PRE-PETITION
CONTRACT LABOR**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Rightworks Staffing, Inc., the Debtor in Possession in the above entitled and numbered Chapter 11 proceeding ("Debtor"), and files this motion seeking the authority of the Court to pay certain pre-petition debt owed to vendors critical to the Debtor's operations, and in support thereof would respectfully show the Court the following:

1. Rightworks Staffing, Inc. filed its voluntary petition under Chapter 11 on February 23, 2024, (the "Petition Date") commencing the above-numbered case in this Court. Since its filing, Rightworks Staffing, Inc. has continued to operate its business and manage its assets as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The Debtor has all the rights, duties and powers of a trustee under § 1106 of the Bankruptcy Code, except as limited by 11 U.S.C. § 1107(a).

2. The Debtor is a Texas corporation that provides staffing services for businesses in the Austin, Texas metropolitan area, and throughout the country. Certain of the Debtor's vendors (the "Vendors") provide services to the Debtor. Vendors include Debtor's 1099 contract laborers which Debtor uses as software developers, sales personnel, office assistants, and for bookkeeping services. The Debtor has no employees who could perform these needed services.

Accordingly, these Vendors hold prepetition claims against the Debtor. These Vendors with prepetition claims (the "Critical Vendors") provide labor that is vital to the ongoing business of the Debtor, the value of its assets, of the business itself, and the success of this case.

3. The contract employees and the amounts owed to them according to the books and records of the Debtor are $34,622.15 for services provided between February 19 and February 25, 2024. A vendor list with amounts owed is attached as Exhibit A. These Critical Vendors are due to be paid on March 1, 2024. None of these Critical Vendors is an insider of the Debtor, as that term is defined in 11 U.S.C. § 101(31).

4. For a court to allow the payment of a pre-petition claim,

> [t]he debtor must show three elements are present. First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*In re CoServ, L.L.C.*, 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002). The Debtor believes that all elements of the test have been met with respect to the Critical Vendors whom it requests permission to pay.

5. First, all provide labor without which the Debtor cannot operate—they are the providers of labor vital to the Debtor's business, writing and maintaining software, recruiting and placing employees and contractors for the Debtor's clients, and keeping the Debtor's books of account. Second, the contract employees have already provided the labor and rely upon the income they earn from the Debtor to support their families. Third, any attempt by the Debtor to secure alternative labor providers would interrupt its business at a time when it is crucial that operations be maintained. The claims of the contract laborers total $34,622.15. Payments will

enable the Debtor to continue to generate revenues for the estate. Thus, unless it deals with each of these claimants, the Debtor risks the probability of harm or, alternatively, loss to its going concern value that would be disproportionate to the amount of the Critical Vendors' prepetition claims. Finally, the Debtor believes there is no practical or legal alternative by which it can deal with the Critical Vendors, other than by immediate payments on their claims.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that the Court, after notice and opportunity for a hearing, enter an order authorizing the Debtor to pay the Critical Vendors as defined and identified above, and granting it such other and further relief as to which it may show itself justly entitled.

February 25, 2024.	Respectfully submitted,

   / s / Frank B. Lyon
Frank B. Lyon, Texas SBN 12739800
Physical Address:
3800 North Lamar Boulevard, Suite 200
Austin, Texas 78756
Mailing Address:
Post Office Bos 50210
Austin, Texas 78763
512-345-8964 / Fax 512-647-0047
frank@franklyon.com

ATTORNEY FOR THE DEBTOR
IN POSSESSION, RIGHTWORKS
STAFFING, INC.

## CERTIFICATE OF SERVICE

I, Frank Lyon, counsel for the Debtor in Possession, hereby certify that a true and correct copy of the foregoing Motion, with all attachments, has been forwarded by the methods indicated to the persons shown below, on the 25th day of February 2024.

                                                _/s/ Frank Lyon_

**U.S. Trustee:**
Shane Tobin
*Via email:* shane.p.tobin@usdoj.gov
*and ECF Notification*

**Debtor**
*Via Email* john@rightworks.com
John Florez
515 Congress Ave., Ste 1075
Austin, Texas 78701


And the attached matrix by First Class U.S. Mail

EXHIBIT A

**Rightworks Staffing**
**Weekly**

**Critical Vendors (1099)**

| Vendor | Category | Amount |
|---|---|---|
| Ardent Innovation Labs | Developer | $ 4,830.00 |
| Autonomous Systems RDC | Developer | $ 5,080.00 |
| Cynthia Jones | Salesperson | $ 5,040.00 |
| Daniel Gelfer | Salesperson | $ 2,000.00 |
| Denise Pino | Salesperson | $ 1,000.00 |
| Marcos Buiatti | Salesperson | $ 2,175.00 |
| Sarah Bankson | Office Assistant (50%) | $ 543.89 |
| Susan Tierney | Bookkeeping Services (50%) | $ 793.27 |
| Texas One Source | Salesperson | $ 3,925.58 |
| AJ Stone | Salesperson | $ 8,400.00 |
| Catherine Marie Braun | Salesperson | $ 278.39 |
| Christ Larson | Salesperson | $ 98.60 |
| Jessie Nico & Associates | Salesperson | $ 52.25 |
| Michael Coleman | Salesperson | $ 405.17 |
| | **TOTAL** | **$ 34,622.15** |

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-10181-smr** |
| **RIGHTWORKS STAFFING, INC.** | § | |
| | § | **CHAPTER 11** |
| | § | **SUBCHAPTER V** |
| **DEBTOR** | § | |

**ORDER GRANTING MOTION TO AUTHORIZE DEBTOR TO PAY CERTAIN PRE-PETITION DEBT OWED TO CRITICAL VENDORS FOR PRE-PETITION CONTRACT LABOR**

On this day, at Austin, Texas, came before the Court the Motion to Authorize Debtor to Pay Certain Pre-Petition Debt Owed to Critical Vendors for Pre-Petition Contract Labor [the "Motion"], filed in this Chapter 11, Subchapter V proceeding by the Debtor in Possession, Rightworks Staffing, Inc., (the "Debtor"). The Debtor appeared through its attorney of record, Frank B. Lyon. Other parties in interest appeared, as announced on the record in open Court.

The Court finds, based upon the representations of Debtor's counsel, that notice is proper in that a copy of the Motion was served upon each of the parties entitled to notice under Title 11, United States Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. The Court further finds that no objections to the Motion were filed by any person and no party appeared in opposition to the Motion.

Having considered the Motion and the evidence and arguments of counsel, the Court finds: that the Motion is proper; that it is critical to the operation of the Debtor's business, and to the Debtor's reorganization efforts, that it be permitted to disburse the pre-petition amount of $34,622.15 owed to its 1099 contract laborers. A list of contract laborers is attached as Exhibit A to this Order. Failure to timely disburse payments on contract labor when due would likely result in the loss of valued contract laborers whose continued services are essential to the continuation of the Debtor's business operations.

IT IS THEREFORE ORDERED that the Motion is hereby GRANTED, and the Debtor is hereby authorized to disburse pre-petition amount of $34,622.15 owed to its contract laborers listed on Exhibit A.

# # #

This Order was prepared and submitted by
The Law Office of Frank Lyon
Frank Lyon
Texas Bar No. 12739800
Post Office Box 50210
Austin, Texas 78763
Office Phone: (512) 345-8964
Fax: (512) 647-0047
frank@franklyon.com

EXHIBIT A

**Rightworks Staffing**
**Weekly**

**Critical Vendors (1099)**

| Vendor | Category | Amount |
|---|---|---|
| Ardent Innovation Labs | Developer | $ 4,830.00 |
| Autonomous Systems RDC | Developer | $ 5,080.00 |
| Cynthia Jones | Salesperson | $ 5,040.00 |
| Daniel Gelfer | Salesperson | $ 2,000.00 |
| Denise Pino | Salesperson | $ 1,000.00 |
| Marcos Buiatti | Salesperson | $ 2,175.00 |
| Sarah Bankson | Office Assistant (50%) | $ 543.89 |
| Susan Tierney | Bookkeeping Services (50%) | $ 793.27 |
| Texas One Source | Salesperson | $ 3,925.58 |
| AJ Stone | Salesperson | $ 8,400.00 |
| Catherine Marie Braun | Salesperson | $ 278.39 |
| Christ Larson | Salesperson | $ 98.60 |
| Jessie Nico & Associates | Salesperson | $ 52.25 |
| Michael Coleman | Salesperson | $ 405.17 |
| | **TOTAL** | **$ 34,622.15** |